UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CR-20721-GAYLES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IVAN VALDES,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**THIS CAUSE** comes before the Court on Defendant's Motion for Compassionate Release and Request for Immediate Release in Light of Covid-19 Emergency (the "Motion") [ECF No. 31]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, Defendant's Motion is granted.

**I.  BACKGROUND**

Defendant is a 50-year-old man incarcerated at the FCI/Federal Prison Camp in Miami, Florida, with a projected release date of February 15, 2022. On January 5, 2017, the Court sentenced Defendant to a 84-month term of imprisonment and a three-year term of supervised release for theft in programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A). [ECF No. 17].[1]  In June, 2020, Defendant applied to the Bureau of Prisons ("BOP") for early release under 18 U.S.C. § 3582 based on Covid-19; BOP denied his request. [ECF Nos. 31-3, 31-10, 31-11].

---

[1] The Court also ordered Defendant to pay a $100 special assessment and $5,247,539 in restitution. [ECF No. 17].

1

Defendant now asks the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to modify his remaining term of imprisonment to home confinement, followed by his original three-year term of supervised release. Defendant alleges that, because of the recent COVID-19 pandemic, his health conditions place him at a high risk of serious injury or death should be contract COVID-19. It is undisputed that Defendant's medical conditions include cardiovascular illness, hypertension, congenital heart disease, intraventricular septal abnormality, ventricular septal defect, valvular heart disease, heart arrythmia, mitral regurgitation, and tricuspid insufficiency. [ECF No. 31-4].

## II. LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017-BB, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## III. DISCUSSION

It is undisputed that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Accordingly, the Court must determine whether Defendant's compassionate release request has merit.

### A. Section 3553(a) Factors

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.*

The Court finds that the § 3553(a) factors support Defendant's release. Defendant pled guilty to one count of theft in programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A). Requiring Defendant to serve the remaining 13 months of his 84-month term of imprisonment while COVID-19 threatens his health would exceed the sentence necessary to "reflect the seriousness of the offense" and "promote a respect for the law . . . ." *See*

§ 3553(a)(2)(A). Rather, reducing Defendant's sentence to time served to be followed by three-years of supervised release is "sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). Thus, the Court turns to whether Defendant presents extraordinary and compelling reasons for his release.

### B.    Extraordinary and Compelling Reasons

Though undefined in 18 U.S.C. § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include:

> **(A) Medical Conditions of the Defendant.**
>
>> (ii) The defendant is--
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. In response to the recent pandemic, the Centers for Disease Control and Prevention (the "CDC") delineated several conditions and risk factors that increase the risk of contracting COVID-19. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention (Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 5, 2021). These conditions include heart conditions and other cardiovascular and cerebrovascular diseases. *Id.*

The Court has reviewed the relevant reports and medical records and is fully advised as to Defendant's health status. It is undisputed that Defendant suffers from high risk conditions,

4

including cardiovascular illness, hypertension, congenital heart disease, intraventricular septal abnormality, ventricular septal defect, valvular heart disease, heart arrythmia, mitrial regurgitation, and tricuspid insufficiency. The Court finds that Defendant's medical conditions, in light of the current pandemic, are extraordinary and compelling reasons for his immediate release.

### C.  Danger to the Community

The Court also finds that Defendant "is not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2). In so doing, the Court considers: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

The Government provides no justification for its conclusory proposition that Defendant presents a danger to the community. Defendant pled guilty to theft in programs receiving federal funds. Though his crime is certainly serious, it is not violent. Defendant does not exhibit the type of danger contemplated by the statute. Additionally, Defendant's home confinement and plan to reside with his family is sufficient to safeguard the community. Therefore, the Court finds that Defendant's release will not endanger others or the community.

### IV.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Compassionate Release [ECF No. 31] is **GRANTED**.
2. The United States Marshal Service and/or the United States Bureau of Prisons shall promptly release Defendant from custody.

3. Defendant's sentence shall be amended to time served, followed by his three-year term of supervised release, effective the date of this Order. The BOP shall release Defendant for placement at 3063 SW 6th Street, Miami, Florida 33135, or his current residence.

4. Defendant shall self-quarantine at home for at least fourteen (14) days, consistent with CDC guidelines.

5. Simultaneously herewith, the Court will enter an **AMENDED JUDGMENT.**

6. The special conditions of Defendant's supervised release, as detailed in his original Judgment, shall be amended to include six (6) months of home detention which shall take effect immediately.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of January, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE